IRIZARRY ET AL., PLAINTIFFS AND APPELLEES, *v.* BARTOLOMEY ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action of Nullity and Ejectment.

No. 2949.—Decided March 27, 1924.

REVENDICATION—MORTGAGE—FORECLOSURE—PLEADING—NON-JOINDER OF PARTIES. —As a general rule the assignor of a mortgage is not a necessary party defendant in an action against the successor in interest of the assignee for the annulment of the mortgage and of the decree and sale in foreclosure proceedings, and if the successor of the assignee when sued did not move that the assignor be made a defendant, it can not be concluded that the court erred in overruling a demurrer for defect of parties defendant.

ID.—ID.—HEIRS—JOINT OWNERSHIP.—An heir who owns an undivided portion of personal property has a right of action to recover it without the necessity of a previous partition and allotment of the estate.

ID.—ID.—POSSESSORY TITLE—COMMUNITY PROPERTY—PRESUMPTION.—The record of a possessory title in the name of a married man is a notice to all the world of the community character of the property so held, and a mere statement by the registrar to the effect that the petitioner in a possessory title proceeding had shown the houses in question to have been built with the money belonging to him and not to the conjugal partnership is not enough to overcome the statutory presumption as to community property.

ID.—ID.—When community property is mortgaged and the foreclosure proceeding is brought after the death of the spouses, the proceeding and the sale of the mortgaged property are void as to the heirs of both spouses who were not made defendants as such.

ID.—ID.—RENOUNCEMENT OF RIGHTS.—A renouncement made by an heir in a public deed of all the rights and interests that he might have as heir of his parents does not include his rights and interests as heir of a legitimate sister who died intestate and without heirs.

ID.—ID.—LIMITATION OF ACTIONS.—The provision of section 1268 of the Civil Code that actions for the annulment of contracts containing the requisites mentioned in section 1228 are barred after four years, is not applicable to

actions for the annulment of contracts which are void *per se* for lack of any of the said requisites, and much less to an action for the annulment of a proceeding.

The facts are stated in the opinion.

*Mr. G. Rodríguez* for the appellants.

*Mr. J. Tous Soto* for the appellees.

Mr. Justice Hutchison delivered the opinion of the court.

Defendants appeal from an adverse judgment in a revendicatory action, in which plaintiffs demanded and obtained a pronouncement as to the nullity of a mortgage and of the decree and sale in a foreclosure proceeding, and insist that—

"1. The lower court erred in overruling the demurrer to the complaint.

"2. The lower court committed manifest error in holding that the mortgage created by José Lugo Marcucci in favor of Alejandro Bartolomey as to the moiety belonging to his wife, Luisa Ramírez, was null and void, since the mortgage covered a separate property of José Lugo Marcucci.

"3. The lower court erred in holding that the judgment and public sale in the action brought by Mariano Bartolomey against the succession of José Lugo Marcucci in so far as the same refer to the portions of the two properties inherited by Luisa Lugo from her father and mother, were null and void, inasmuch as one of the properties was covered by the mortgage that gave rise to the foreclosure; and both properties belonged exclusively to her father.

"4. The lower court erred in directing the defendant to acknowledge Julia Lugo Ramírez and Sinforoso Irizarri as heirs of Luisa Gonzaga Lugo of an interest of 46.557% of the properties involved in this suit; i. e., one-third the first and two-thirds the second.

"5. The lower court erred in estimating the sum of the fruits and revenues of the properties herein involved and the expenses incurred by the defendant in the repairs thereof, such estimate not being in consonance with the outcome of the evidence; and because a possessor in good faith is not liable for such expenses.

"6. The lower court committed an error of law in not holding that the action by the plaintiffs to annul had prescribed.

"7. The court committed a manifest abuse of discretion (from a legal point of view) in mulcting the defendant with costs.

The first proposition under the first assignment is that the original mortgagee was a necessary party, but the only reason given for the contention is that an assignee should not be held solely responsible for a contract to which he was not a party, and that if the assignor of the mortgage had been made a defendant he might have interposed a defense which would have inured to the benefit of appellants. But the original defendant herein, predecessor in interest of appellants, assignee of the mortgage, was plaintiff in the mortgage foreclosure proceedings which deprived plaintiffs herein of the possession of their property, and neither he nor appellant asked, as they might have done, that the original mortgagor be made a defendant. The suggestions so made do not establish the proposition that the original mortgagee was a necessary party to the present controversy, and the inquiry along these lines need not be pursued beyond the limits of the argument for appellants.

The second suggestion under the first assignment is that the complaint does not state facts sufficient to constitute a cause of action, in that it does not allege a previous partition and allotment, but seeks to recover certain undivided interests only, citing *Cristián* v. *Escobar,* 23 P. R. R. 257. But the doctrine of that case upon the point referred to has been definitely abandoned and overruled in a uniform series of later decisions.

The second assignment involves primarily a question of fact. The transcript of the record proper and the stenographic record herein, the latter alone containing more than 150 pages, are separately paged and indexed, while the citations contained in the brief for appellants seem to have been made with reference to some other and perhaps consecutively paged record which is not before us. Notwithstanding this difficulty, however, we have taken the trouble to follow up a number of the more significant references so

made, and, having done this, confine our discussion to the facts as they appear therein.

A clause in the will of José Lugo Marcucci, executed in 1882, reads thus (Italics ours):

"Third. The testator declares that he was married *in facie eclesia* to Luisa Ramírez and that the fruits of said marriage were his two daughters Luisa Gonzaga and Sinforosa, neither of whom had reached the age of puberty; that his wife had contributed no capital to the marriage whereas the testator had brought to the conjugal partnership the same property that he now owns *although the amount thereof was represented in different form.*"

A certificate from the registry of property reads in part as follows:

"That on pages 31 and 35 of Volume 7 of the Municipality of Yauco, properties Nos. 342 and 343, respectively, entries No. 1, there were recorded in the name of José Lugo Marcucci, engaged in industrial pursuits, married, 42 years of age and a resident of Yauco, the two following urban properties (describing them):

"That said houses were built by Lugo Marcucci at his own expense and with his own money as shown in a possessory proceeding brought in the municipal court of Yauco, approved 1885, from which it results that Lugo Marcucci was in possession of the said houses for a period of twelve years up to that time."

It is an established and undisputed fact that Marcucci was married in 1871. Therefore the statement in the will, the testimony as to the possession extending over a period of twelve years at the time of the possessory proceedings in 1885 and the entry in the registry of property in the name of Marcucci as a married man, are perfectly consistent, one with the other, and each and all of them point plainly to acquisition as well as possession during marriage. The matter is thus reduced to the manner of acquisition and the source and character of the money so invested.

The form of the registrar's certificate leaves much to be desired, and a literal copy of the entry would have enabled the court below and this court to pass more intelligently

upon the questions involved. But the document was admitted without objection, goes somewhat beyond the request which elicited it and shows on its face a disposition on the part of the registrar to sustain the theory of appellants rather than that of appellee as to the legal effect of the entry. Moreover, if a literal copy would have aided defendants in any way, the opportunity was open to them to present one as evidence for the defense, which they do not seem to have done. And, be this as it may, the registrar does not certify that the property in question was recorded as the separate property of Marcucci.

Appellants do not discuss, much less establish, the sufficiency of a recital or bare statement by the testator, contained in the will of a married man to establish the fact, if it be a fact, that all of the property brought to the conjugal partnership at the time of the marriage was contributed by him and none whatever by the wife. Nor, in the absence of any argument or citation of authority, are we disposed to reverse the judgment of the court below upon this point.

Conceding for the sake of argument, without holding, that the decree of a municipal court, in a proceeding to which the wife is not shown to have been a party, and wherein she has not appeared as a witness, suffices to overcome the legal presumption as to community property and to establish the separate character of the possession by the husband,—yet it is the court, and not the registrar of property, who is to pass upon the weight and sufficiency of the evidence, and to determine the nature of such possession.

In the case at bar the certificate from the registry does not show that the decree of the municipal court contained any pronouncement as to the separate character of the possession by the husband, or directed the record of a possessory title under an established claim of separate ownership as between husband and wife, or that the record was so made. We need not speculate, therefore, as to the possible effect

upon any claim by the wife or her heirs, as against subsequent purchasers or mortgagees dealing with property adjudged to be in the possession of the husband as his separate property and so recorded in the registry of property.

The record of a possessory title in the name of a married man is notice to all the world of the community character of the property so held, and a mere statement by the registrar to the effect that the petitioner in a possessory proceeding had shown the houses in question to have been built with money belonging to him and not to the conjugal partnership is not enough to overcome the statutory presumption as to community property. It follows that such a recital can afford no adequate basis for the contention that the community status does not clearly appear upon the record.

The third and fourth assignments are essentially corollaries of the second. The argument in the brief, in so far as not already disposed of, does not demand extended discussion.

It may be that, if the tenants in common of the mortgaged premises were severally liable as claimed by appellants for the full amount of the mortgage, then the foreclosure proceedings were valid as to the defendants before the court. But if the "indivisibility" of the mortgage necessarily implies that it can not be foreclosed upon a portion of the mortgaged property without a sale of the whole, then the logical conclusion would seem to be, not as contended by appellants that notice to one of a number of joint owners who are severally liable confers upon the court the authority to sell the property of the others who are not so notified, but rather that the entire proceeding was void, and that plaintiffs perhaps were more generous than they might have been in demanding an adjudication as to an undivided interest only. In any event, the doctrine of indivisibility can not be successfully invoked, without citation of any authority whatever, as sufficient to justify the seizure

and sale of mortgaged property without the formality of notice and a day in court to the owners thereof.

Some stress is also laid upon an alleged assignment and waiver of all rights by the plaintiff Julia Lugo, who had previously appeared before a notary as an heir of her deceased parents, and (after conveying to the predecessor in interest of defendants the *patios* adjoining the houses sold in the foreclosure proceedings, which through inadvertence had not been included in the attachment nor therefore in the marshal's deed) in the same capacity, that is, as the heir of her deceased parents, assigned and renounced whatever right or cause of action she might have had against the said mortgagee with reference to the premises in question. Under the rule of strict construction governing such matters, the document referred to can not be extended to cover any right, title or interest derived by inheritance from the sister, or otherwise than by inheritance from the parents of the vendor and assignor. We do not, of course, deem it necessary to speculate about matters not discussed at all in the brief.

Viewing the evidence in the light of sections 436, 1322, 457 and 458 of the Civil Code, the argument under the fifth assignment does not disclose the existence of any such manifest error as to require the reversal or modification of the judgment with reference to the amount of rents and profits.

The answer to the sixth assignment may be found in *Cruz* v. *Kuinlan,* 29 P. R. R. 817, 819, 820, and cases cited.

We find no abuse of discretion in the matter of costs, and the judgment appealed from must be affirmed.

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.